# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY FINERSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| | ) | No. 4:17-CV-1571 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On February 12, 2014, movant pled guilty to the unauthorized use, transfer, acquisition, alteration or possession of Supplemental Nutrition Assistance Program Benefits and conspiracy to commit an offense against the United States of America. On May 16, 2014, the Court sentenced movant to 24 months' imprisonment. *See United States v. Finerson*, 4:13-CR-483 CDP (E.D.Mo.). Movant did not appeal.

Movant asserts that his defense counsel was ineffective for failing to timely file a notice of appeal to "challenge trial counsel's failure to inform the District Court of the Amended U.S.S.G. of 18 U.S.C. Appx. 561.3 that mandated a term of imprisonment to be served

---

[1]Movant filed his motion to vacate on a form for filing actions under 28 U.S.C. § 2241. Despite the captioning in this case, movant is challenging the constitutionality of his conviction and sentence, and the motion is more appropriately brought pursuant to 28 U.S.C. § 2255. The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that remedy by § 2255 motion is inadequate or ineffective. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Movant bears the burden of showing why the § 2255 relief is inadequate or ineffective if he chooses to pursue his arguments under § 2241. *Id.*

concurrent with anticipated state sentence when the anticipated state sentence has relevant conduct with the federal sentence." Movant also asserts that his defense counsel was ineffective when he advised petitioner to waive the "mandatory USSG sentencing per to 18 U.S.C. Appx. 561.3."[2]

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] This Court has already addressed movant's request to modify his sentence in his criminal case. *See United States v. Finerson*, 4:13-CR-483 CDP (E.D.Mo.), Docket No. 125. On July 18, 2016, the Court declined to modify movant's sentence, due to movant's serious criminal history. In his motion for reduction of sentence, filed on May 16, 2016, movant did not make any assertions regarding his defense counsel or his belief that his counsel was ineffective. Movant also failed to mention his belief that his counsel was ineffective for failing to file a notice of appeal.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on May 16, 2014. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on May 30, 2015. The instant motion was placed in the prison mail system by movant on May 15, 2017. Therefore, it appears to be time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 2nd day of June, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE