# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ANTHONY FINERSON, )
 )
    Movant, )
 )
 ) No. 4:17-CV-1571 CDP
 )
UNITED STATES OF AMERICA, )
 )
    Respondent, )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of movant's response to the order to show cause.[1] Having carefully reviewed movant's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

### Procedural Background

On February 12, 2014, movant pled guilty to the unauthorized use, transfer, acquisition, alteration or possession of Supplemental Nutrition Assistance Program Benefits and conspiracy to commit an offense against the United States of America. On May 16, 2014, the Court sentenced movant to 24 months' imprisonment. *See United States v. Finerson*, 4:13-CR-483 CDP (E.D.Mo.). Movant did not appeal.

On May 23, 2017, movant filed the instant motion to vacate, including two claims of ineffective assistance of counsel. Movant asserts that his defense counsel was ineffective for failing to timely file a notice of appeal to "challenge trial counsel's failure to inform the District Court of the Amended U.S.S.G. of 18 U.S.C. Appx. 5G1.3 that mandated a term of

---

[1]On June 2, 2017, the Court ordered movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred.

imprisonment to be served concurrent with anticipated state sentence when the anticipated state sentence has relevant conduct with the federal sentence." Movant also asserts that his defense counsel was ineffective when he advised petitioner to waive the mandatory sentencing issues relative to "18 U.S.C. Appx. 5G1.3."[2]

On June 2, 2017, the Court ordered movant to show cause why his motion to vacate should not be dismissed as time-barred, as it plainly appeared from the face of his motion that it had been filed almost two years too late.[3] Rather than respond to the timeliness analysis, movant requested the ability to "amend" his habeas claims in the response he filed on June 19, 2017.

Movant seeks to add another ineffective assistance of counsel claim for his defense counsel's alleged failure to inform movant that he needed to be in custody to file his § 2255 petition. Movant also seeks to add a second ineffective assistance of counsel claim asserting that his counsel was deficient for advising movant to waive the mandatory sentencing issues relating to "18 U.S.C. Appx. 5G1.3 thus violating [movant's] 6th Amendment rights."

---

[2] This Court has already addressed movant's request to modify his sentence in his criminal case. *See United States v. Finerson*, 4:13-CR-483 CDP (E.D.Mo.), Docket No. 125. On July 18, 2016, the Court declined to modify movant's sentence, due to movant's serious criminal history. In his motion for reduction of sentence, filed on May 16, 2016, movant did not make any assertions regarding his defense counsel or his belief that his counsel was ineffective. Movant also failed to mention his belief that his counsel was ineffective for failing to file a notice of appeal.

[3] Movant's criminal judgment was final fourteen days after it was entered on May 16, 2014. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on May 30, 2015. The instant motion was placed in the prison mail system by movant on May 15, 2017.

## Legal Analysis

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As noted above, a review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on May 16, 2014. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on May 30, 2015. The instant motion was placed in the prison mail system by movant on May 15, 2017. Therefore, it is time-barred.

The addition of new claims to movant's motion to vacate does not change the time-barred analysis. Movant has not offered any factual claims relating to the tolling of his statute of limitations, nor has he indicated a reason why his motion to vacate should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed in forma pauperis [Doc. #2] is **DENIED AS MOOT** as there is no filing fee in this action.

**IT IS FURTHER ORDERED** that movant's request to add two additional ineffective assistance of counsel claims to his motion to vacate is **GRANTED**.

**IT IS FURTHER ORDERED** that movant's motion to vacate, set aside or correct sentence, brought pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED as TIME-BARRED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of June, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE